IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-72,632-01 AND WR-72,632-02






EX PARTE HECTOR ANZALDUA SANDOVAL, Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NOS. 98-CR-220-D AND 98-CR-221-D 


IN THE 103RD JUDICIAL DISTRICT COURT

FROM CAMERON COUNTY




 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two charges of
intoxication manslaughter and sentenced to twenty years' imprisonment for each charge, to be served
consecutively . The Thirteenth Court of Appeals affirmed his convictions. Sandoval v. State, Nos.
13-98-00398-CR and 13-98-00399-CR (Tex. App. - Corpus Christi, August 31, 1999, no pet.).

 Applicant contends that his trial counsel rendered ineffective assistance because counsel
advised him to reject the State's plea offer of 20 years' imprisonment for both charges, and advised
him that his sentences in these two causes could not be stacked if he were found guilty at trial. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial counsel with the opportunity to respond to Applicant's claim of
ineffective assistance of counsel. The trial court may also order the trial prosecutor to file an
affidavit stating whether or not a 20-year offer was made for both charges. The trial court may use
any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial
court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the State made an offer of 20 years'
imprisonment for both charges, and if so, whether counsel transmitted the offer to Applicant. The
trial court shall make findings as to whether counsel advised Applicant to go to trial on the charges
rather than accepting the State's offer. The trial court shall also make findings as to whether counsel
advised Applicant that the sentences in these two cases could not be stacked if he were found guilty
at trial. The trial court shall make findings as to whether the performance of Applicant's trial
attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The
trial court shall also make any other findings of fact and conclusions of law that it deems relevant
and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: September 16, 2009

Do not publish